**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricky Dale FENNEY, Defendant–Appellant.**

**No. 06–50185.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed Feb. 22, 2007.

Roger W. Haines, Jr., Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., Megan D. Meacham, Law Student, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI and TROTT, Circuit Judges, and MOLLOY *, District Judge.

### MEMORANDUM **

Ricky Dale Fenney appeals the sentence imposed following his guilty plea made pursuant to a plea agreement. We vacate and remand for resentencing.

Fenney failed to establish a plain error with respect to his claim that the government breached the plea agreement. The government recommended a downward departure, as promised, and the plea agreement recognized the government's duty to provide complete and accurate facts to the probation office. *See United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (listing elements of plain error test); *United States v. Maldonado,* 215 F.3d 1046, 1051–52 (9th Cir.2000) (recognizing government's duty to provide complete and accurate information).

Nevertheless, we vacate the sentence and remand for resentencing in light of the district court's application of the Sentencing Guidelines. When the district court observed that "the question for the Court, then, is what is the appropriate sentence within [the calculated Guidelines] range," and did not consider a sentence outside that range, the court impermissibly treated the Guidelines as mandatory, rather than advisory. *See United States v. Evans–Martinez,* 448 F.3d 1163, 1167 (9th Cir.2006) (noting that the district court has discretion to sentence both above and below the suggested Guidelines range). We remand to allow the district court to resentence Fenney by applying the Guidelines in an advisory manner.

### VACATED and REMANDED.

---

* The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.